Filed 4/2/24  P. v. Dodge CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KYLE RICHARD ALONZO DODGE,<br><br>Defendant and Appellant. | 2d Crim. No. B326897<br>(Super. Ct. No.  20CR08383)<br>(Santa Barbara County) |

Kyle Richard Alonzo Dodge appeals from the judgment after he pleaded guilty to several counts of drugs and firearm offenses.  He contends the trial court erred in denying him presentence credits for the time he was released on bail and ordered to live in a sober living facility with a GPS monitor.  We affirm.

FACTS AND PROCEDURAL HISTORY

In December 2020, Dodge was arrested for several drug and firearm offenses.  His bail was set at $500,000 with terms and conditions of release, including that he wear a GPS monitor.

On April 6, 2021, Dodge posted bail. The trial court issued an amended order setting bail modification. The terms and conditions of release included that Dodge reside at a sober living facility and wear a GPS monitor. The program at the facility consisted of three weekly groups, two monthly individual counseling sessions, attendance at two 12-step meetings, and random drug and alcohol testing weekly for a minimum of six months.

In October 2022, Dodge entered an open plea of guilty to possessing a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a)), sale and/or transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)), two counts of unlawful assault weapon activity (Pen. Code,[1] § 30600, subd. (a)), two counts of carrying a loaded firearm (§ 25850, subd. (a)), and possession of a silencer (§ 33410). The plea agreement specified he would not be sentenced to more than 10 years in state prison. He entered a *Cruz*[2] waiver and sentencing was scheduled for January 2023.

On October 27, 2022, Dodge was arrested again for a new offense. His supervised pretrial release was revoked, and his bail bond was exonerated. At sentencing, Dodge admitted he violated the *Cruz* waiver by committing a new crime. The trial court sentenced him to 12 years in state prison.

---

[1] Unspecified statutory references are to the Penal Code.

[2] *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5 [a *Cruz* waiver is an agreement in which the defendant is released from custody in return for promises not to commit other crimes and return for sentencing, or else the court could impose a sentence greater than the bargained-for term].

Before the sentencing hearing, Dodge filed a "Sentencing Memo Re Credits for Electronic Monitoring" and requested presentence custody and conduct credits for the time he spent released on bail in a sober living facility with a GPS monitor (April 6, 2021-October 27, 2022).  The trial court denied Dodge's request because it found that Dodge's placement in a sober living facility was not the "functional equivalent" of home detention.  The court reasoned that "when you're in a sober living home, with GPS, there's absolutely no restraint on your freedom to leave the sober living home during the course of the day and go wherever you want.  You're not required to be employed.  You're not required to remain within a certain geographical sort of parameters, perimeters.  You have the freedom to go to restaurants, to go work out, to go to the park.  I mean, you have . . . pretty expansive liberty regarding how you're going to spend your day. [¶] If you're in home confinement, even though the sheriff may have a program that allows people in home confinement to go to work, it's pretty strictly controlled.  You're going to go from the home, to go to work, and then you're going to come back to the home. [¶] So I see a substantial difference between the restraint on liberty and circumstance presented to me with regard to Mr. Dodge, and what is set forth in *People v. Gerson* [(2022) 80 Cal.App.5th 1067] and in the Penal Code."

DISCUSSION

Dodge contends the trial court erred in denying him presentence custody and conduct credits for the time he was released on bail with a GPS device and living in a sober living facility.  We disagree.

Section 2900.5, subdivision (a) provides that "[i]n all felony . . . convictions, either by plea or by verdict, . . . all days of

custody of the defendant, including . . . days served in home detention pursuant to Section . . . 1203.018, shall be credited upon his or her term of imprisonment . . . ."  Section 1203.018 authorizes the county "to offer a program under which inmates being held in lieu of bail in a county jail or other county correctional facility may participate in an electronic monitoring program" under specified conditions.  (§ 1203.018, subd. (b).)

"The statute leaves the exact terms of the electronic monitoring program to the discretion of county authorities, but requires the programs created to obtain the participant's assent in writing to the following conditions: (1) the participant 'shall remain within the interior premises of his or her residence during the hours designated by the correctional administrator'; (2) the participant 'shall admit any person or agent designated by the correctional administrator into his or her residence at any time for purposes of verifying the participant's compliance with the conditions of his or her detention'; (3) the electronic monitoring 'may include global positioning system devices or other supervising devices for the purpose of helping to verify the participant's compliance with the rules and regulations of the electronic monitoring program' . . . ; and (4) the administrator in charge of the facility from which the participant has been released may 'immediately retake the person into custody' if the electronic monitoring device malfunctions, the participant fails to remain at home, the participant fails to pay the fees associated with the program, or the participant 'for any other reason no longer meets the established criteria.'  ([§ 1203.018,] subd. (d)(1)-(4).)."  (*People v. Raygoza* (2016) 2 Cal.App.5th 593, 599.)

To receive custody credits, it is not enough for a defendant to be placed on an electronic monitoring program.  Instead, the

4

defendant must show they participated in a home detention program as defined by section 1203.018 or an equivalent electronic monitoring program that is " 'custodial, or restraining.' " (See *People v. Gerson* (2022) 80 Cal.App.5th 1067, 1089 (*Gerson*).)

Here, the trial court did not err in denying Dodge presentence custody credits for the time he was released on bail and living in a sober living facility with a GPS monitor. Dodge was not ordered to a home detention program. Nor does the record reflect that Dodge's electronic monitoring terms were " 'custodial, or restraining' " within the meaning of section 1203.018, such as home detention. (*Gerson, supra*, 80 Cal.App.5th 1089.) The trial court found there was no evidence of "restraint on [Dodge's] freedom to leave the sober living home during the course of the day."

Dodge had the burden to establish any entitlement to presentence custody credits. (*People v. Jacobs* (2013) 220 Cal.App.4th 67, 81.) At the sentencing hearing, defense counsel admitted he did not "know all of the details of this particular sober living [facility]." Although the facility required Dodge to attend weekly group meetings, attend monthly counseling sessions, and participate in weekly drug and alcohol testing, such evidence fell short of establishing that the terms of his electronic monitoring program were as custodial or restrictive as home detention. Dodge did not show how many hours per day he was required to remain in the facility, nor did he show he was subject to further limitations to his movement or liberty. He did not show he assented to conditions set forth in section 1203.018, subdivision (d)(1)-(4). Dodge has not carried his burden to establish entitlement to the requested presentence credits.

This case is distinguishable from *Gerson*, *supra*, 80 Cal.App.5th 1067.  There, Gerson argued he was entitled to presentence custody credits for the time he was out on bail and subject to an electronic monitoring program.  (*Id*. at p. 1089.)  Although Gerson was not on a home detention program within the meaning of section 1203.018 because he was not "held in lieu of bail," he argued he was similarly situated to a person on home detention under section 1203.018.  (*Gerson*, at p. 1089.)  As a condition of his bail release, Gerson was ordered to wear a GPS monitoring device, placed on home detention subject to a Fourth Amendment waiver, and required to remain in his home during the hours designated by the court.  (*Gerson*, at p. 1090.)  The Court of Appeal agreed with Gerson, concluding the terms of his release were as " 'custodial, or restraining' as a statutory home detention program pursuant to section 1203.018."  (*Ibid*.)  The court held there was no rational basis for treating a defendant out on bail and subject to a home detention electronic monitoring program different from an individual participating in a program pursuant to section 1203.018, since both categories involved "similarly restrictive home detention conditions."  (*Gerson*, at p. 1091.)

But unlike Gerson, Dodge did not show he was subject to similarly restrictive home detention conditions as a defendant on home detention pursuant to section 1203.018.  We conclude Dodge was not entitled to presentence custody credits for the time he was out on bail and living in a sober living facility with a GPS monitor. And because we deny Dodge's claim for custody credits, we deny his claim for conduct credits under section 4019.

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

Brian E. Hill, Judge

Superior Court County of Santa Barbara

_____

Sanger Dunkle Law, Stephen K. Dunkle; Sanger Law Firm, Robert F. Sanger and Sarah S. Sanger for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.